```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
                                :
UNITED STATES OF AMERICA        :
                                :
                                :          91 CR 493-02(KMW)
             v.                 :          Opinion and Order
                                :
                                :
ANGEL SIMON TURBIDES GUERRERO   :
                                :
-------------------------------x
```

WOOD, U.S.D.J.:

By pro se motion dated January 18, 2009, Defendant Angel Simon Turbides Guerrero ("Turbides") moves for reconsideration of this Court's January 9, 2009 Order ("January 2009 Order") denying his November 7, 2008 motion ("November 2008 motion") for a sentence reduction.  In the alternative, Turbides moves for "the filing of his notice of appeal" and for appointment of counsel.

For the reasons stated below, the Court (1) DENIES Turbides's motion for reconsideration; (2) construes Turbides's motion papers as a timely filed notice of appeal; and (3) DENIES Turbides's motion to appoint counsel.

I.  Background

On November 11, 1991, Turbides pled guilty to several charges, including, inter alia, participation in a conspiracy to distribute narcotics.  On October 29, 1997, Turbides was

sentenced to a total of 352 months imprisonment.[1]  At his sentencing, the Court found that Turbides was responsible for the possession and distribution of 6.665 kilograms of powder cocaine, and 6.665 kilograms of cocaine base ("crack cocaine").

In his November 2008 motion, Turbides moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines ("Guidelines").  Section 3582(c)(2) permits a court to reduce a term of imprisonment based on a sentencing range subsequently lowered by the Sentencing Commission.  Amendment 706 to the Sentencing Guidelines, which became effective on November 1, 2007, and which was given retroactive effect on March 3, 2008, lowers the base offense level, and thus the applicable Guidelines sentencing range, for certain offenses involving crack cocaine.

In its January 2009 Order, the Court denied Turbides's motion for a sentence reduction.  The Court found that because Amendment 706 does not lower the base offense level for offenses involving 4.5 kilograms or more of crack cocaine – and Turbides's

---

[1] Judge Nicholas Tsoucalas, sitting by designation in the Southern District of New York, presided over Turbides's sentencing.  Judge Tsoucalas first sentenced Turbides on December 19, 1996.  Judge Tsoucalas then resentenced Turbides, based on a change in law not relevant to the instant Order, on October 29, 1997.  Although the Court calculated Turbides's sentence differently on resentencing, the Court sentenced him to the same total term of imprisonment, 352 months.

2

offense involved 6.665 kilograms of crack cocaine – Turbides is ineligible for a sentence reduction.

Turbides now moves for reconsideration of the Court's January 2009 Order. In the alternative, Turbides moves "for the filing of his notice of appeal" and for the appointment of counsel to assist in his appeal.

II. Analysis

A. Motion for Reconsideration

For the reasons stated below, the Court denies Turbides's motion for reconsideration.

The standard for a motion for reconsideration is strict, and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

In his current motion, Turbides fails to point to law or facts that might reasonably cause the Court to change the decision set forth in its January 2009 Order. Turbides argues that, not withstanding the Court's finding that he is ineligible for a sentence reduction pursuant to § 3582(c)(2) and Amendment 706, the Court can and should resentence him, based on the Supreme Court's decisions in Kimbrough v. United States, 128 S. Ct. 558 (2007) and United States v. Booker, 543 U.S. 220 (2005).

Booker renders the Guidelines advisory, and requires courts to make an individualized determination of what sentence is appropriate in each case, taking into account all factors listed in 18 U.S.C. § 3553.  Kimbrough permits a trial court to consider its disagreement with the disparate Guidelines sentences recommended for offenses involving crack cocaine versus powder cocaine when determining what sentence is appropriate under § 3553.

Turbides's arguments are unpersuasive.  Neither Booker nor Kimbrough provides a basis for this Court to reduce Turbides's sentence.  First, as a general rule, these cases do not have a retroactive effect.  The Second Circuit has explicitly held that Booker does not apply retroactively.  See Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005) (Booker "is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued.").  Under the Guzman reasoning, the Court similarly concludes that Kimbrough does not apply retroactively.  See, e.g., United States v. Veale, No. 03-CR-167, 2008 WL 619176, *3 (N.D.N.Y. Mar. 3, 2008) ("neither Booker or Kimbrough have been held to apply retroactively")[2];

---

[2] In light of the concerns about equal access to justice for pro se litigants insightfully articulated by the Second Circuit in Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009), the Court will send to Turbides copies of all unpublished opinions cited in this Order.

4

United States v. Felipe, Criminal No. 05-711-1, 2008 WL 4601917, *2 (E.D. Pa. Oct. 15, 2008) (reasoning that because Booker has consistently been held not to have retroactive effect, Kimbrough must also be interpreted not to have retroactive effect). Turbides's sentence was final prior to the dates when both Booker and Kimbrough issued. The Booker/Kimbrough methodology of determining a sentence was inapplicable at that time, and the Court cannot now use it to differently determine Turbides's sentence.

Turbides argues, however, that even if Booker and Kimbrough do not have a self-executing retroactive effect, the cases can and should apply retroactively when a defendant is being resentenced on other grounds, such as pursuant to § 3582(c)(2).[3] This argument is entirely unavailing to Turbides, both because it is inapplicable to his situation, and because it is legally incorrect.

First, his argument is inapplicable because, as the Court held in its January 2009 Order, Turbides is fundamentally ineligible for resentencing pursuant to § 3582(c)(2). Section 3582(c)(2) resentencing is available only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

---

[3] Because Turbides proceeds pro se, the Court liberally construes his arguments.

Sentencing Commission." Amendment 706 does not lower the sentencing range applicable to Turbides.

Second, the argument is legally incorrect because this Court has held that even when a defendant is resentenced pursuant to § 3582(c)(2), Booker and Kimbrough are inapplicable, and thus do not alter the limited scope of resentencing permitted by § 3582(c)(2) and Amendment 706, in light of the Sentencing Commission policy statement. See United States v. Diggins, No. 03 cr 801 (KMW), 2008 WL 4054413, *5-7 (S.D.N.Y. Aug. 27, 2008) (finding the policy statement's limitation on the scope of resentencing mandatory, rather than advisory, because "[s]entence modifications under § 3582(c)(2) . . . do not raise the Sixth Amendment concerns that led the Court to render the Guidelines advisory in Booker . . . . [and] because § 3582(c)(2) reflects clear Congressional intent that the Sentencing Commission policy statement govern"). See also United States v. Jimenez, No. 04 Cr. 329 (JGK), 2008 WL 2774450, *1 (S.D.N.Y. July 16, 2008) ("Booker and Kimbrough do not apply to sentence reductions under § 3582(c)(2)"); Veale, 2008 WL 619176 at *3 ("While it could be argued that under Booker and Kimbrough a whole new range of possibilities exist [during a § 3582(c)(2) resentencing] to fashion a sentence based on the crack cocaine to [powder] cocaine disparity found in the Guidelines, the argument is rejected").

Turbides's arguments in his motion for reconsideration

therefore provide no basis for the Court to decide his November 2008 motion differently. Accordingly, the Court denies Turbides's motion for reconsideration.

    B.   <u>Notice of Appeal and Motion to Appoint Counsel</u>

In the alternative, Turbides moves this Court "for the filing of his notice of appeal." He also requests appointment of counsel.

    1.   <u>Notice of Appeal</u>

The Court construes Turbides's instant motion papers as a timely filed notice of appeal. See <u>Grune v. Coughlin</u>, 913 F.2d 41, 43 (2d Cir. 1990) (construing a letter to the court from a <u>pro se</u> party as a notice of appeal). Turbides's motion papers state that he intends to appeal this Court's January 2009 Order to the Second Circuit, thereby fulfilling the content requirements for a notice of appeal set forth in Federal Rule of Appellate Procedure ("Rule") 3(c). Turbides also affirms that he deposited his motion papers in his prison's internal mail system on January 18, 2009, thereby fulfilling the timeliness requirements for a notice of appeal set forth in Rules 4(b) and 4(c).

For these reasons, the Court construes Turbides's instant motion papers as a notice of appeal. Turbides may, if he wishes, proceed to appeal the Court's January 2009 Order to the Second Circuit.

2.  Motion to Appoint Counsel

The Court declines, however, to appoint counsel for Turbides.

The Second Circuit has never held that defendants have a mandatory right to counsel for the purposes of a § 3582(c)(2) motion.[4] The Court therefore, in its discretion, evaluates whether counsel should be appointed for Turbides using the standard articulated in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986) for whether to appoint counsel for indigent civil litigants. See United States v. Campbell, No. 03 CR 537 (RJD), 2008 WL 1957773, *1 (S.D.N.Y. May 5, 2008) (applying Hodge standard to defendant requesting counsel for the purposes of a § 3582(c)(2) motion). In Hodge, the Second Circuit held that a district court, in deciding whether to appoint counsel, should first determine whether the indigent's position "seems likely to be of substance." Id. at 61. As already discussed, Turbides's November 2008 motion lacks substance. Accordingly, the Court declines to appoint counsel for him.

---

[4] All Circuit courts to consider this issue have held that there is no mandatory right to counsel for a § 3582(c)(2) motion. See, e.g., United States v. Webb, No. 08-13405, 2009 WL 973214, *3 (11th Cir. Apr. 13, 2009) (listing cases).

III. Conclusion

For the reasons stated above, the Court (1) DENIES Turbides's motion for reconsideration (D.E. 78); (2) construes Turbides's motion papers as a timely filed notice of appeal; and (3) DENIES Turbides's motion for appointment of counsel.

SO ORDERED.

Dated:   New York, New York
         April 22, 2009

*[signature]*

KIMBA M. WOOD
United States District Judge